**George Stanley VICK, Plaintiff,**

v.

**Michael G. BELL, Jeff A. Johnson, and Barry Johnson, Defendants.**

**Civ. A. No. 2:87–3253–8.**

United States District Court,
D. South Carolina,
Charleston Division.

June 26, 1989.

D. A. Brockinton, Jr., Charleston, S.C., and Meyer Rosen, Georgetown, S.C., for plaintiff.

John H. Douglas, Asst. U.S. Atty., Charleston, S.C., for defendants.

## ORDER

BLATT, Chief Judge.

This matter is before the court on the plaintiff's motion to amend or vacate judgment. This court, by order filed July 22, 1988, dismissed this action without prejudice as to defendant Michael G. Bell, and remanded the case against defendants Jeff A. Johnson and Barry Johnson to state court. The parties have consented to the remand of the case as to defendants Jeff A. Johnson and Barry Johnson; therefore, the issue before the court is whether the case should be reopened as to defendant Bell. The parties have submitted material to the court outside the pleadings and motions; therefore, defendant Bell's motion to dismiss, dated February 10, 1988, is converted to a motion for summary judgment.

A recitation of the facts and procedural history of this case is necessary to understand this court's disposition of this matter. The plaintiff is a South Carolina Wildlife law enforcement officer who was injured on November 20, 1984, when defendant Bell ran a 27 foot motor boat into plaintiff's 17 foot Boston Whaler. Plaintiff was attempting to arrest defendants Jeff and Barry Johnson when defendant Bell joined in the high speed motor boat chase. Defendant Bell claims he was acting in the course and scope of his employment as a United States Customs Officer at the time of the accident.

This action was filed in the Court of Common Pleas in Georgetown, South Carolina, on November 12, 1987. On December 4, 1987, the United States Attorney, acting for defendant Bell, removed this case to federal court. Removal was based on 28 U.S.C. § 1442(a)(1), which provides for removal to federal court of any action commenced in state court against an officer of the United States, or a person acting under him, "for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals ..." Plaintiff did not oppose the removal. Plaintiff's complaint alleges in paragraph twelve that defendant Bell had "departed from the mission at the private dock and his official duties."

On December 8, 1987, defendant Bell filed a motion to dismiss, or in the alternative for summary judgment, based on absolute immunity. The plaintiff did not respond to this motion. Defendant Bell then filed a second motion to dismiss. This second motion claims that the plaintiff's exclusive remedy under the circumstances is against the United States in admiralty under 46 U.S.C.App. § 745. Plaintiff again failed to respond to the motion. This court, on July 22, 1988, dismissed the case against defendant Bell without prejudice, due to the plaintiff's failure to respond to the motions and because it appeared that the plaintiff had failed to properly plead his cause of action against defendant Bell. The court then lacked jurisdiction over the remaining defendants, and remanded the case to state court. The plaintiff filed his motion to amend or vacate judgment on August 2, 1988.

The plaintiff argues in his motion to vacate judgment that this court erred in granting the motion to dismiss because defendant Bell is not entitled to absolute immunity. He further argues that the exclusive remedy provision of Section 745 is not involved in this case unless or until defendant Bell is found to have acted within the course and scope of his duties and authority as a customs agent. The plaintiff asserts that it is unnecessary for him to replead his cause of action or amend his complaint because Section 745 does not apply to his claim.

A libel in personam in admiralty may be brought against the United States for damages caused by a public vessel of the United States. 46 U.S.C.App. § 781. Under 46 U.S.C.App. § 782 the "exclusive remedy" provisions of 46 U.S.C.App. § 745 are incorporated into Section 781. Section 745 states that "where a remedy is provided by

this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States ..." These statutes direct a plaintiff to bring suit against the United States, and only against the United States, for damages caused by a public vessel of the United States. The suit may not be brought against an employee or agent of the United States.

 The issue that this court must decide is whether the motor boat defendant Bell was piloting is a public vessel of the United States under Section 781. The record clearly indicates that Bell's motor boat was owned by the United States Customs Service. The plaintiff argues that defendant Bell was outside the course or scope of his employment when he joined in the chase, and therefore suit can be brought directly against defendant Bell. The case law indicates no exception to Section 781 when the government agent is outside the course or scope of his employment. The motor boat is clearly a public vessel of the United States; therefore, this suit may only properly be brought against the United States.

Furthermore, the record before the court clearly indicates that defendant Bell was acting within the course or scope of his employment. Defendant Bell was assigned to the waterway that evening as part of a narcotics interdiction mission. He spotted the plaintiff pursuing the other defendants in a high speed motor boat chase, and joined in that chase. There is some dispute in the record concerning the exact time at which defendant Bell realized he was pursuing game violators, and not narcotics violators. However, the question of when defendant Bell realized he was pursuing game violators has no bearing on the disposition of the case. The undisputed facts are that Jeff and Barry Johnson were in violation of federal regulations prohibiting a boat from operating at night without running lights, and for failing to stop for a blue light. Defendant Bell was clearly within the course and scope of his employment when he joined in the chase, as defendants Jeff and Barry Johnson were violat-

ing federal law. Indeed, if defendant Bell did not give chase that night, he would have been remiss in his duties. Therefore, defendant Bell is entitled to summary judgment in this case as he was acting within the course and scope of his employment.

This court notes that 46 U.S.C.App. § 745 provides a two year limitations period for suits against the United States. This two year limitations period applies to this case, and it appears that any suit against the United States will be time barred. The court regrets this result, but this action may only properly be brought against the United States. Therefore, it is

ORDERED, that the plaintiff's motion to amend or vacate judgment be denied.

IT IS FURTHER ORDERED, that summary judgment be entered for defendant Michael G. Bell.

IT IS SO ORDERED.